552

## Gibson v. Del Sardo

*Frank F. Troup*, for plaintiff.
*Samuel S. Scott*, for defendant.

McDONALD, J., March 5, 1941.—This case is before the court in banc on defendant's answer raising questions of law. The question raised is whether the alderman had jurisdiction in the case, because another alderman had previously assumed jurisdiction in the same issue between the same parties. The facts are as follows:

On November 9, 1940, summons in trespass was issued out of the office of an alderman in the City of Pittsburgh. The action was one which would have been trespass vi et armis prior to the Act of May 25, 1887, P. L. 271, and was to recover an amount which was within the jurisdiction of the alderman. On November 14, 1940, judgment was entered by the alderman in favor of Del Sardo (defendant in this action) and against Gibson (plaintiff in this action) in the amount of $140. From that judgment Gibson took an appeal to this court at no. A-1210 of 1940, and that appeal is now pending.

Following the rendition of the judgment against him, to wit, on November 15, 1940, Gibson went before another alderman and caused to be issued a summons in trespass against Del Sardo, to recover damages alleged to have

been sustained in the same automobile collision for which Del Sardo had already recovered a judgment against Gibson. At the hearing before the second alderman, Gibson recovered a judgment against Del Sardo in the amount of $85.50 plus costs. Del Sardo did not appear at the hearing before the second alderman, but did appear within the time required by law and took an appeal to this court at no. A-1231 of 1940. In this appeal, Gibson, as plaintiff, duly filed his written statement of claim as required by law, and to such statement of claim defendant filed the answer raising questions of law—it being defendant's contention that plaintiff may not prosecute his claim in this manner, but that he must first present his claim as a counterclaim before the alderman and, if it be there rejected, he must present his claim as a counterclaim after the appeal is taken to this court.

The question raised is of more importance than the mere disposition of the case at bar—it raises a complaint against a practice which has become a rather common and frequent one, i. e., where one is sued before one justice, the person sued goes before another justice who is more friendly, and there enters suit against the person who was the original plaintiff. The result is as we have it here—each party obtains and holds a judgment against the other party, and the only way that justice can be accomplished is for each party to appeal to court. Double costs have accrued by the time the cases reach a court of record, and while the court can and will prevent a further duplication of costs by ordering the cases tried together in that court the damage already has been done. Can the practice be stopped, and if so, how can it be done?

This court has, in the case of Cunningham v. Laris, 89 Pitts. 137, discussed at length the various acts of assembly relating to the jurisdiction of aldermen and justices of the peace, and the right and duty of defendants to present counterclaims before an alderman or a justice of the peace. Without further quoting or citing acts of assembly or cases decided, and in an effort to simplify and clarify

the laws and court decisions as they now exist, may we say:

1. An alderman or justice of the peace has jurisdiction in actions in assumpsit not exceeding $300 in all cases except those involving real contracts in which the title to land may come into question, or for violation of a promise to marry.

2. An alderman or justice of the peace has jurisdiction in actions of trespass where the amount involved does not exceed $300. This trespass jurisdiction includes only those cases which would have been called actions in "trespass vi et armis" or "trover and conversion" prior to the passage of the Act of 1887, which abolished the technical legal distinction between the various types of trespass and assumpsit cases.

3. In no case does an alderman or justice of the peace have any jurisdiction in that type of cases which is now called trespass but which would have been trespass on the case prior to the Act of 1887, supra.

4. In actions of assumpsit, where a defendant has a counterclaim not exceeding $100, he must present that counterclaim before the alderman or justice of the peace who originally takes jurisdiction, or he will be forever barred from presenting such counterclaim either before another justice of the peace or before the court upon appeal.

5. If the counterclaim in assumpsit is more than $100 and less than $300, defendant may present such counterclaim before the alderman or justice of the peace, and he may then recover a judgment in his favor for the amount of such counterclaim less than $300. If the counterclaim is in assumpsit and exceeds $300, such counterclaim may be presented before the alderman or justice of the peace and used there as a defense to a plaintiff's claim. If the counterclaim is in excess of $300, upon appeal to this court, such counterclaim may also be used only as a defense to plaintiff's claim, but in such case defendant may not, in the same proceeding, recover a certificate in his

favor and for an amount in excess of the jurisdiction of an alderman or justice of the peace. If the counterclaim is in excess of $300 and defendant desires to proceed to recover judgment, it is necessary that he enter a new suit to recover the same—in which event the court may, in its discretion, order that the claim be disposed of at the same trial as is the appeal from the decision of the alderman or justice of the peace. If the counterclaim is in excess of the jurisdiction of this court, such claim may be used here only as a defense to plaintiff's claim. Upon appeal to this court, a counterclaim in assumpsit in excess of $100 may be filed, whether or not such counterclaim was presented before the alderman or justice of the peace, and defendant may procure a certificate in his favor, upon such appeal, and in the same proceeding, if the amount does not exceed $300.

6. If the action before the alderman or justice of the peace be one in trespass in which the alderman or justice of the peace has jurisdiction, it may then be met by a counterclaim in trespass of the same nature, and defendant may recover a judgment not exceeding $300. If the counterclaim in trespass exceeds the jurisdictional limit of $300, a new suit must be filed in a court of competent jurisdiction—in which event, the trial court may, in its discretion, order the cases to be tried together. Whether or not a counterclaim in trespass has been presented before an alderman or justice of the peace, it may be presented upon appeal to this court and a defendant may procure a certificate in his favor for an amount less than $300, in the same proceeding upon appeal.

7. A suit in trespass before an alderman or justice of the peace may not be met before the alderman or justice of the peace by a counterclaim which sounds in "trespass on the case." Neither may a claim which sounds in "trespass on the case" be used as a counterclaim in this court upon appeal from a judgment in trespass by the alderman or justice of the peace. Such claim in "trespass on the case" must be instituted through a new action to

recover such claim—in which event the trial court may, in its discretion, order such claim in "trespass on the case" to be tried at the same time as the appeal from the judgment in trespass, and the procedure of opening and closing during the trial of such cases shall be as directed by the trial judge.

The foregoing statements of the law are clearly established by acts of assembly, court decisions, and rules of this court.

Insofar as this case is concerned, the net result is that it is only in cases of assumpsit in which there is a counterclaim involving less than $100 that such counterclaim *must* be presented before an alderman or justice of the peace. In other cases of assumpsit, as we have indicated, and in cases of trespass as we have indicated, a defendant before an alderman or justice of the peace *may* present counterclaims but is not required so to do. Not being required so to do, it follows that a defendant may elect to wait and present such counterclaims upon appeal, or he may enter into another proper forum and institute a new action for his claim. Until the matters are properly before this court upon appeal, we are powerless under the law as it now is to consolidate the actions and thereby prevent duplication of costs of litigation. To decide otherwise would be to assume the power to make laws—a power which courts are sometimes prone to assume, but which is, nevertheless, a power which courts do not, and should not, have.

Our conclusion is that defendant's answer raising questions of law must be refused. However, it will be ordered that the trial of this case shall be held at the same time as the trial of the appeal at no. A-1210 of 1940, in order to prevent further and unnecessary duplication of costs.

We have stated the law as it is, and not necessarily as we think it should be. We shall recommend legislation to this session of the legislature to correct the evils which this case shows to be existing in the present law.

*Order*

And now, to wit, March 5, 1941, defendant's answer raising questions of law is refused.

It is ordered, however, that this case be tried in this court at the same time as is the case at no. A-1210 of 1940 in this court—the right of opening and closing in the trial of such cases to be determined by the trial judge.